IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALABA OBIRI AND TOLULOPE OBIRI, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-10-208 |
| | § | |
| ERIC HOLDER, U.S. ATTORNEY | § | |
| GENERAL, *et al.*, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER OF DISMISSAL**

Pending before the Court is a motion to dismiss (instrument #4) the above referenced action under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, alternatively, 12(b)(6) for failure to state a claim upon which relief can be granted, filed by Defendants Sandra Heathman, District Director, Houston Field Office, United States Citizenship and Immigration Services ("USCIS"), Janet Napolitano, Secretary, United States Department of Homeland Security ("DHS"),[1] and Eric Holder, United States Attorney General.

_____

[1] As noted by Defendants, pursuant to the Homeland Security Act of 2002, Title IV of P.L. 107-296 (Nov. 25, 2001), 116 Stat. 2135, the United States Immigration and Naturalization Service ("INS") was abolished and its functions were transferred to DHS. USCIS took over the immigration-related service functions previously performed by INS, including the adjudication of adjustment, visa, and naturalization petitions.

Plaintiffs complain that Defendants failed to apply the law correctly in assigning the wrong priority date to a visa petition filed by Alaba Obiri for Tolulope Obiri and subsequently arbitrarily, capriciously, wrongfully, and unlawfully denied Toupe Obiri's application for lawful permanent resident status.  They sue Defendants in their official capacity only and seek declaratory, injunctive, and mandamus relief.  This action is grounded in a provision of the Child Status Protection Act (CSPA), Immigration and Naturalization Act ("INA") § 203(h)(3), 8 U.S.C. § 1153(h)(3), which Plaintiffs argue permits aged-out derivative beneficiaries of third- or fourth-preference (F3 and F4, respectively) visa petitions to automatically convert their derivative petitions to second-preference (F2B) visa petitions and to retain the original priority date of the initial petitions filed on behalf of their parents.

Plaintiffs assert that the court has federal question jurisdiction under 28 U.S.C. § 1331, the Mandamus Act, 28 U.S.C. § 1361, the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*[2]

---

[2] Subject matter jurisdiction is at issue here.  The Court notes that the Mandamus Act, 28 U.S.C. § 1361, provides federal district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." "Mandamus may only issue when (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act, and (3) no other adequate remedy exists." *Randall D. Wolcott, MD, PA v. Sebelius*, ___ F.3d ___, No. 10-10290, 2011 WL 870724, *9 (5th Cir.

## Factual Background

Because in Plaintiffs' response (#6) to Defendants' motion to dismiss Plaintiffs state that they "generally concur with the statement of facts" provided by Defendants, though not with the

_____

Mar. 15, 2011), *citing Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir.), *cert. denied*, 449 U.S. 832 (1980).  Mandamus relief is only proper when the "'duty is so plainly prescribed as to be free from doubt" and therefore is not available to review discretionary acts of agency officials.'"  *Id., quoting Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992).  Moreover the Supreme Court has determined that "'[o]rdinarily mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed.'"  *Id., quoting Roche v. Evaporated Milk Assoc.*, 319 U.S. 21, 27-28 (1943).  Furthermore, administrative remedies must be exhausted before the court may grant mandamus relief.  *Id.* at *9.  Because both the Mandamus Act and the Administrative Procedures Act offer similar ways of forcing an agency to act as it is required to by law, claims under both acts are subject to the same standard.  *Sawan*, 2008 WL 4963075, at *3, *citing Dawoud v. Dep't of Homeland Sec.*, No. 03:06-cv-1730, *8 (N.D. Tex. Dec. 26, 2007)

The Administrative Procedure Act provides, "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  It further provides that federal courts "shall . . . compel agency action unlawfully withheld or unreasonably delayed . . . ."  5 U.S.C. § 706(1).  Like the Mandamus Act, it also does not provide an independent basis for subject-matter jurisdiction but a federal district court may have subject-matter jurisdiction over APA claims if it has federal question jurisdiction under 28 U.S.C. § 1331.  *Sawan v. Chertoff*, 589 F. Supp. 2d 817, Civ. A. No. H-08-1550, 2008 WL 4963075, *3 (S.D. Tex. Nov. 18. 2008).  A central issue here is whether this Court has federal question jurisdiction over this lawsuit.

This Court would further point out that the Declaratory Judgment Act, 28 U.S.C. § 2201, is a procedural statute, not a jurisdictional one, and it, too, does not provide an independent basis for federal court review.  *Sawan*, 2008 WL 4963075 at *3; *Wolcott*, 2011 WL 870724, at *8, *citing Jones*, 609 F.2d at 781 ("Declaratory Judgment Act is not an independent ground for jurisdiction; it permits the award of declaratory relief only when other bases for jurisdiction are present.").

legal arguments and justifications they make, and because Defendants' recitation of the facts about the procedural history is more detailed, explanatory, and necessary to the application of the relevant law than that in Plaintiffs' complaint, the Court summarizes Defendants' Statement of Facts.

Plaintiff Alaba Obiri and his daughter, Tolulope Obiri are natives and citizens of Nigeria. On or about September 8, 1997, the brother of Alaba Obiri, Nicholas I. Obiri, who was a United States citizen, filed a fourth-preference Petition for Alien Relative (Form I-130) on Alaba Obiri's behalf pursuant to 8 U.S.C. § 1153(a)(4). That petition was approved on May 12, 1998 and given a priority date of September 8, 1997.[3] Alaba Obiri was the primary beneficiary of the F4 visa petition, while his daughter, who was fifteen years old at the time the petition was filed,[4] was listed as a derivative beneficiary on the petition.

In August 2008, visas became available for nationals of Nigeria who were beneficiaries of fourth-preference petitions with

---

[3] Defendants represent that usually the priority date accorded to a relative petition is the date on which the petition was filed. 8 C.F.R. § 204.1(c). They explain that family-based preference categories are subject to allocation worldwide; the number of visas that are granted each year depends on the priority of the beneficiary's relationship to the petitioner and the beneficiary's country of origin. 8 U.S.C. § 1151(a)(1), (c); *see also Bolvito v. Mukasey*, 527 F.3d 428, 429-32 (5th Cir. 2008)(discussing the visa petitioning process).

[4] The INA defines a "child" as a person who is not married and under twenty-one years old. *See* 8 U.S.C. § 1101(b)(1).

a priority date in September 1997.  8 C.F.R. § 245.1(g)(1); Dept.
of State Visa Bulletin ("Bulletin"), Vol. VIII, No. 121 (August
2008)(Exhibit 1 to #4).  On March 2, 2009, Alaba Obiri was accorded
lawful permanent residence based on the F4 visa petition filed by
his brother.  Exhibit 3.  At this point, Tolulope Obiri was twenty-
seven years old and had "aged out" (turned twenty-one).[5]

On April 9, 2009 Alaba Obiri filed a second preference ("F2B")
visa petition under 8 U.S.C. § 1153(a)(2)(B) on behalf of his
unmarried daughter.[6]  At the same time Tolulope Obiri filed an
Application to Register Permanent Residence or Adjust Status (Form
I-485) with USCIS.  Plaintiffs argue that the F2B petition filed by
Alaba Obiri on behalf of his unmarried daughter should be accorded
the priority date from the F4 petition filed by her uncle on her
father's behalf, i.e., September 8, 1997.   Plaintiffs contend that
when a derivative beneficiary ages out, under 8 U.S.C. § 1153(h)(3)
the petition shall "automatically be converted to the proper

_____

[5] Defendants contend that at this point as a derivative
beneficiary she lost her derivative status, meaning she would no
longer be eligible for an immigrant visa under her uncle's
application.

[6] Section 203 of the INA, 8 U.S.C. § 1153(a)(1)-(2),
establishes certain "preference categories for allocation of
immigrant visas, and each group has a numerical limit.  The first
preference is for unmarried sons or daughters of U.S. citizens.  8
U.S.C. § 1153(a)(1).   The second preference category is for
individuals who are spouses of minor children of permanent resident
aliens (2A) or unmarried sons or daughters, age twenty-one or over,
of permanent resident aliens (2B).  The § 1153(a)(2)(B) would be
applicable to Alaba Obiri's petition on behalf of his daughter.

category and the alien shall retain the original priority date issued upon the receipt of the original petition."[7]

On September 28, 2009 USCIS approved the F2B petition, but denied Tolulope Obiri's adjustment petition on the ground that she failed to demonstrate that an immigrant visa was immediately available to her when she filed the application.[8]  According to Defendants, at the time she filed her application for adjustment of status, F2B visas for Nigeria were only available to those with a priority date on or before September 1, 2000.  Bulletin, Vol XI, No. 7 (April 2009)(Exhibit 2 to #4).

In accord with the Board of Immigration Appeals' ("BIA's") decision in *Matter of Wang*, 25 I&N Dec. 28, (BIA 2009)(holding that the automatic conversion rule and priority date retention of 8 U.S.C. § 1153(h)(3) did not apply to fourth-preference derivative beneficiaries who age out and on whose behalf a second-preference petition is later filed by a different petitioner)[9](copy attached

---

[7] The Court notes that the statute provides that this automatic conversion is "for the purposes of subsections (a)(2)(A) and (d)" of 8 U.S.C. § 1153.  As noted, Obiri's petition falls under (a)(2)(B).

[8] Defendants cite 8 U.S.C. § 1255(i)(2)(an immigrant visa must be immediately available at the time an adjustment application is filed); 8 C.F.R. § 245.1(g)(1).

[9] Defendants state that the reasoning of the Board of Immigration Appeals in *Wang* at 35-36 was that the original petitioner on a fourth preference case is only the aunt or uncle of the derivative beneficiary and when such a beneficiary ages out, there is no category in which to convert the individual.  The Board also observed that the second preference case must be filed by a

as Ex. 3 to #4), USCIS found that Tolulope Obiri could not claim her father's priority date of September 8, 1997, based on his brother's application date, as her own.

On March 4, 2010 USCIS began removal proceedings against Tolulope Obiri because she has remained in the United States for a time longer than permitted. Her initial hearing before an immigration judge was scheduled on May 19, 2010, but has been rescheduled several times, most recently three times at the request of Plaintiff's counsel because of this action, and is currently set for May 25, 2011. #17, Defendants' Status Report.

Plaintiffs state that they have exhausted all administrative remedies. They seek a writ of mandamus to compel Defendants to perform their duties and properly adjudicate Plaintiff's petition and application. They also allege that Defendants' policies and

---

different petitioner, i.e., the fourth preference direct beneficiary parent who is now a permanent resident [here, Alaba Obiri]. *Id.; see also Bolvito*, 527 F.3d 428 (5ᵗʰ Cir. 2008)(a child who ages out of derivative status cannot benefit from a previous priority date established by a petition filed by a different relative)(copy attached to #4). Here Alaba Obiri properly filed the petition for his daughter.

On July 16, 2009 the district court in *Costelo v. Chertoff*, 258 F.R.D. 600 (C.D. Cal. 2009)(Exhibit 4 to #4) certified a nationwide class action lawsuit that challenged the Board's interpretation of the automatic conversion clause in *Wang*. On November 10, 2009 the same court granted the Government's motion for summary judgment, concluding that section 1153(h)(3) is ambiguous and the Board's interpretation in *Wang* was reasonable. *Costelo v. Chertoff*, No. SA08-00688-JVS(SHx), 2009 WL 4030516, *3 (C.D. Cal. Nov. 10, 2009)(Exhibit 5 to #4).

procedures violate the Administrative Procedures Act and constitute arbitrary and capricious agency action.

Plaintiffs complain that despite their requests for reconsideration, USCIS has not assigned the correct visa priority date to Defendant's application.  Plaintiffs assert they have been greatly damaged and that Alaba Obiri has been constructively denied the ability to petition for the unification of his family.

### Standard of Review

*Federal Rule of Civil Procedure 12(b)(1)*

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1992).  If the court determines there is no subject matter jurisdiction, it must dismiss the suit.  *Id.*

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction.  The party asserting that subject matter exists, here Plaintiffs, must bear the burden of proof for a 12(b)(1) motion.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The court may determine whether subject mater jurisdiction is lacking by any of three approaches:  "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Id.* at 161.

-8-

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject matter jurisdiction are questioned. *In re Blue Water Endeavors, LLC,* Bankr. No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011), *citing Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878-79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 199 (5th Cir. 2000). A facial attack happens when a defendant files a Rule 12(b)(1) motion without accompanying evidence. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In a facial attack, allegations in the complaint are taken as true. *Blue Water*, 2011 WL 52525 at *3, *citing Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995).

If it is a factual attack, the Court may consider any evidence (affidavits, testimony, documents, etc.) submitted by the parties that is relevant to the issue of jurisdiction. *Id., citing Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989). A defendant making a factual attack on a complaint may provide supporting affidavits, testimony or other admissible evidence. *Patterson v. Weinberger*, 644 F.3d 521, 523 (5th Cir. 1981). The plaintiff, to satisfy its burden of proof, may also submit evidence to show by a preponderance of the evidence that subject matter jurisdiction exists. *Id*. In resolving a factual attack on subject

matter jurisdiction under Rule 12(b)(1), the district court, which does not address the merits of the suit,[10] has significant authority "'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392, *10 (S.D. Tex. Oct. 22, 2008), *quoting Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997), and *citing Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).   The court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c).  *Robinson*, 2008 WL 4692392 at *10, *citing Garcia*, 104 F.3d at 1261.

**Federal Rule of Civil Procedure 12(b)(6)**

---

[10] As the court explained in *Taylor v. Dam*, 244 F. Supp. 2d 747, 753 (S.D. Tex. 2003),

It is well settled that "a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." [*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.). *cert. denied*, 454 U.S. 897 (1981).] "Jurisdictional issues are for the court--not the jury--to decide, whether they hinge on legal or factual determinations. *Id.* To determine whether jurisdiction exists, the court will generally resolve any factual disputes from the pleadings and the affidavits submitted by the parties. *See Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985).  The court may also conduct an evidentiary hearing and "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson*, 645 F.2d at 413; *see Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511-12 (5th Cir.), *cert. denied*, 449 U.S. 953 . . . (1980).

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, ___ F.3d ___, No. 10-10290, 2011 WL 870724, *4 (5ᵗʰ Cir. Mar. 15, 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5ᵗʰ Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts

to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). *See also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, ____ F.3d ____, No. Civ. A. L-08-39, 2010 WL 3081504, * 3 (5th Cir. Aug. 9, 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 2010 WL 3081504 at * 3, *quoting Twombly*, 550 U.S. at 555, 570.

"Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents

attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V. (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). If an exhibit attached to the complaint contradicts an allegation in the complaint the exhibit controls. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

### Defendants' Motion to Dismiss

Defendants move for dismissal of this action first for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and, alternatively, for failure to state a claim under

Federal Rule of Civil Procedure 12(b)(6). Because if the Court lacks subject matter jurisdiction it must dismiss this action, the Court addresses the jurisdiction issue first. *Wolcott v. Sebelius*, ___ F.3d ___, No. 10-10290, 2011 WL 870724, *4 (5th Cir. Mar. 15, 2011)("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."), *citing Ramming*, 281 F.3d at 161. Fed. R. Civ. P. 12(h)(3).

*Lack of Subject Matter Jurisdiction*

Defendants assert that the Immigration and Nationality Act ("INA's") establishes a scheme for review of immigration decisions that bars review of Plaintiffs' challenge other than, upon Plaintiffs' exhaustion of administrative remedies, by means of a petition for review of a final administrative removal order. They maintain that Plaintiff Tolulope Obiri has failed to exhaust her administrative remedies, a requirement that is statutory and jurisdictional. *Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000)(dismissing challenge to denial of adjustment application where plaintiff failed to exhaust remedies under INA § 242(d), 8 U.S.C. § 1252)(and cases cited therein); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001); *Goonsuwan v. Ashcroft*, 252 F.3d 383, 388 (5th Cir. 2001).

Since the district director of USCIS denied Plaintiff Tolulope Obiri's application for adjustment of status, her remedy now is to renew her application before an immigration court in removal proceedings, over which the immigration judge has exclusive authority to consider the application *de novo* under 8 U.S.C. § 1229a(a)[11]; 8 C.F.R. § 1245.2(a)(5)(ii)[12] and § 1240.11(a)[13].  If the

---

[11] Subsection (a)(1)-(3) addressing removal proceedings states,

(1) In general

An immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien.

(2) Charges

An alien placed in proceedings under this section may be charged with any applicable ground of inadmissibility under section 1182(a) of this title or any applicable ground of deportability under section 1227(a) of this title.

(3) Exclusive procedures

Unless otherwise specified in this chapter, a proceeding under this section shall be the sole and exclusive procedure for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States. . . .


[12] In relevant part this regulation provides, "No appeal lies from the denial of an application by the director, but the applicant, if not an arriving alien, retains the right to renew his or her application in proceedings under 8 CFR part 1240."

[13] This regulation in pertinent part states, "in a removal proceeding, an alien may apply to the immigration judge for cancellation of removal . . . or for creation of a record of lawful admission for permanent residence . . . ."

immigration judge denies her application for adjustment and orders her removal, she may then appeal to the Board as a matter of right. 8 C.F.R. §§ 1003.1(b), 1003.3, 1003.38, 1240.15.  If the Board affirms the immigration judge's ruling, that order becomes administratively final.  8 U.S.C. § 1101(a)(47)(B).  Plaintiff can then timely file a petition for review of this final removal order before the Fifth Circuit Court of Appeals.  8 U.S.C. §§ 1252(a)(1). There is no grant of jurisdiction to the district courts to review adjustment of status application determinations; rather the INA divests the district courts of jurisdiction over removal orders and authorizes the courts of appeals as the only fora for such challenges through petitions for review.  8 U.S.C. § 1252(a)(5).[14] *See also Rosales v. Bureau of Immigration & Customs Enforcement,* 426 F.3d 733, 735-36 (5th Cir. 2005)(per curiam), *cert. denied*, 546 U.S. 1106 (2006).  Title 8 U.S.C. § 1252(b)(9)(INA's "zipper clause") requires that any questions of law and fact arising from an order of removal must be raised in a petition for review of that removal order.  *Jama v. Gonzales*, 431 F.3d 230, 232 (5th Cir. 2005). Only if the alien has exhausted all available administrative

---

[14] Subsection (a)(5), "Exclusive means of review," in relevant part states that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . ."

remedies available to her as a matter of right may a court review a final order of removal.  8 U.S.C. § 1252(d)(1) .[15]

The Fifth Circuit has held that district courts lack jurisdiction over agency denials of adjustment of status even where removal proceedings have not been commenced, as has been the case here.  *Cardoso v. Reno*, 216 F.3d 512 (5th Cir. 2000).  Tolulope Obiri must wait and, once placed in removal proceedings, exhaust her administrative remedies by renewing the application in accord with the statutory and regulatory scheme.  *Id.* at 518.  In their motion to dismiss Defendants state that on March 4, 2010 USCIS was to have begun removal proceedings against Tolulope Obiri.  As noted, that proceeding is now set for May 25, 2011.  #17, Defendants' Status Report.

*Failure to State a Claim*

Defendants present two arguments to support their assertion that Plaintiffs fail to state a claim.

First, Plaintiffs fail to allege any claims that are subject to judicial review under 8 U.S.C. § 1252.

Moreover the statutes they cite are general grants of jurisdiction that cannot circumvent the limitations on judicial review in 8 U.S.C. § 1252.

---

[15] Section 1252(d)(1), titled Review of final orders," states, "A court may review a final order of removal only if-(a) The alien has exhausted all administrative remedies available to the alien as of right . . . ."

The Administrative Procedure Act does not independently confer subject matter jurisdiction on this Court. *Califano v. Sanders*, 430 U.S. 99, 105-07 (1977). For jurisdiction to exist under it and 28 U.S.C. § 1331, the agency action must be reviewable either by statute or it must be a final agency action for which there is no other adequate remedy. 5 U.S.C. § 704. *See also Peoples Nat. Bank v. Office of Comptroller of the U.S.*, 362 F.3d 333, 337 (5th Cir. 2004). Although Tolulope Obiri cannot appeal the agency decision to deny her adjustment of status, she can renew her application and argue *de novo* in the removal proceeding against her. *Cardoso*, 216 F.3d at 518. Because the action here is not a final agency action, there is no jurisdiction under the APA in conjunction with § 1331.

Nor does the Mandamus Act provide an independent basis for federal court jurisdiction. *Hamilton v. Morial*, 644 F.2d 351, 354 (5th Cir. 1981). As noted by the Court earlier, mandamus is an extraordinary remedy that requires the plaintiff to establish a clear right to the relief, a duty to do the act requested, and a lack of any adequate remedy. *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998). Because Tolulope Obiri obtained a ruling on her application for adjustment from USCIS, that agency has discharged any duty to act, and Plaintiff's failure to exhaust administrative remedies bars mandamus jurisdiction. She has adequate remedies at law in which to appeal an adverse determination.

The Declaratory Judgment Action also does not expand the jurisdiction of federal courts, but only extends the scope of remedies available. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Because they have no other jurisdictional bases for their suit, Plaintiffs are not entitled to a declaration of rights.

Defendants, alternatively, contend that Plaintiffs fail to state a claim upon which relief can be granted where their claims are barred by *res judicata*, in this case based on the final judgment entered in *Costelo v. Chertoff*, No. SA08-00688-JVS(SHx), 2009 WL 4030516 (C.D. Cal. Nov. 10, 2009), a class action that raised the same legal issue raised by Plaintiffs here and resulted in a judgment on the merits in favor of Defendants. The doctrine of *res judicata*, which provides that a final judgment on the merits of a case bars the parties or their privies from re-litigating issues that were raised or could have been decided in that suit, may apply when (1) the parties are identical in both suits or in privity with parties who were identical in both suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) the same cause of action must be involved in both cases; and (4) the prior judgment must have been a final judgment on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055 (2006). A class action

under Fed. R. Civ. P. 23(b)(2) has a *res judicata* effect on all present and future class members if the class is defined to include them. *Penson v. Terminal Transport Co.*, 634 F.2d 989, 996 (5th Cir. 1994). Plaintiff Alaba Obiri is a member of the Rule 23(b)(2) class in *Costelo* under the definition of that class"

> Aliens who became lawful permanent residents as primary beneficiaries of third- and fourth-preference visa petitions listing their children as derivative beneficiaries, and who subsequently filed second-preference petitions on behalf of their aged-out unmarried sons and daughters, for whom Defendants have not granted automatic conversion or the retention of priority dates pursuant to [8 U.S.C. § 1153(h)(3)].

*Costelo Class Action*, 258 F.R.D. at 610.

Alaba Obiri is a member of this class because he obtained his lawful permanent resident status as the primary beneficiary of a fourth preference visa petition, in which his daughter was listed as a derivative beneficiary. #4, Ex. 1-2. He subsequently filed a second preference petition on behalf of his unmarried daughter after she aged out. *Id.*, Ex. 4. USCIS, as in *Costelo*, did not grant the daughter automatic conversion or retention of the priority date accorded to her father (Ex. 5). *Liao v. Holder*, 691 F. Supp. 2d 344 (E.D.N.Y. 2010)(finding summary judgment dismissal of *Costelo* action was *res judicata* to litigants challenging priority dates assigned to visa petitions).

Tolulope Obiri is also a class member because she is in privity with her father. *Liao*, 691 F. Supp. 2d at 354 (courts have found privity in familial relationships). *Costelo* resolved the

same issue, whether a non-citizen who ages out for an immigrant visa as the derivative beneficiary of a fourth preference visa petition and on whose benefit a second preference petition is later filed is entitled to automatic conversion or the retention of a priority date under 8 U.S.C. § 1153(h)(3). *Costelo*, 2009 WL 4030516.

### Plaintiffs' Opposition (#6)

Plaintiffs assert that exhaustion of remedies does not apply to Alaba Obiri, as he has no remedies outside the instant action. They further insist that Tolulope Obiri raises a pure question of law, not subject to administrative remedies. Regardless, they urge, pursuit of administrative remedies would be futile given their position and would result in unreasonable delay. They maintain that because Alaba Obiri filed the visa petition and it remains his to withdraw, and because if it is denied or revoked only he may appeal that decision, he has no administrative procedure to exhaust at this time to challenge Defendants' failure to accord the proper priority date, other than this suit. He insists he has a claim under section 702 of the Administrative Procedures Act ("[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. He claims that he is prejudiced by Defendants' act in not giving the proper priority date to the visa

petition he filed:  he is denied the companionship of his daughter, and the removal proceedings threaten to separate them.

Regarding Tolulope Obiri, Plaintiffs assert that they do not challenge the denial of her application for adjustment of status, but rather Defendants' interpretation of law in determining the correct priority date for the visa petition filed by her father. It is an issue of law not subject to exhaustion of administrative remedies.  *McClendon v. Jackson Television, Inc.*, 603 F.2d 1174, 1177 (5th Cir. 1979).  Moreover it would be futile to challenge the BIA's decision in *Wang* because the BIA is under the authority of Defendant Eric Holder.  It would also cause excessive delay.

## Defendants' Reply (#10)

Defendants reiterate that the second preference visa petition filed by Alaba Obiri on behalf of Tolulope Obiri was approved by USCIS on September 28, 2009.  USCIS did deny Tolulope Obiri's application for adjustment of status on the grounds that she could not claim her father's more favorable priority date of September 8, 1997 as her own under the automatic conversion clause, 8 U.S.C. § 1153(h)(3) and therefore she remained ineligible for such adjustment because she did not have an immediately available visa. 8 U.S.C. § 1255(a)(3); 8 C.F.R. § 245.1(g)(1); Ex. 5.  The denial of her application for adjustment of status is not a final agency action for which no other adequate remedies are available. *Cardoso*, 216 F.3d at 517-18.  An adequate remedy is available in

-22-

removal proceedings, where she can renew her application and argue the merits *de novo* before an immigration judge.  8 U.S.C. § 1255(a); 8 C.F.R. § 1245.2(a)(1).  In this Circuit judicial review is not available until the alien has exhausted his administrative appeal rights, and then only in the Court of Appeals via petition for review.  *Cardoso*, 216 F.3d at 517-18; 8 U.S.C. § 1252(d)91), (a)(5), and (b)(9).  According to the statutory scheme, the first appellate review to the BIA makes an appeal of right available with the exhaustion mandate.  8 U.S.C. § 1252(d)(1); *Cardoso*, 216 F.3d at 517-18.

Tolulope Obiri argument that she raises a pure issue of law not subject to administrative remedies, and thus exhaustion would be futile and cause excessive delay is in error can be raised in he upcoming removal proceeding.  The situation is precisely on point with that of the plaintiff in *Bolvito v. Mukasey*, 527 F.3d 428 (5th Cir. 2008), who exhausted administrative remedies in accordance with the statutory scheme, as Tolulope Obiri must if she wishes to pursue her claim.

Furthermore, argue Defendants, because exhaustion of remedies is mandated by 8 U.S.C. § 1252(d)(1), exceptions to the doctrine of administrative exhaustion do not apply here.  Although Plaintiffs argue exhaustion would be futile because *Wang* forecloses their argument about the proper interpretation of § 1153(h)(3), such a contention is illogical and would permit such a futility exception

to be argued by any alien to circumvent the administrative process in almost every case.  The reasons for an exhaustion requirement include "preventing premature interference with agency process," providing courts and parties the benefit of agency expertise, allowing an agency to correct its own mistakes, and assuring development of a record "adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975); *in accord, McKart v. United States*, 395 U.S. 185, 193-94 (1969).  More to the point, where, as here, Congress has required exhaustion by statute, a court may not dispense with that requirement on the grounds that it is futile. *Salfi*, 422 U.S. at 766.  *See also Patsy v. Board of Regents*, 457 U.S. 496, 502 n.4 (1982)("Even where the statutory requirement of exhaustion is not explicit, courts are guided by congressional intent in determining whether application of the doctrine would be consistent with the statutory scheme.").  Moreover that exhaustion gives the Board, the Attorney General, and the Fifth Circuit a chance to reconsider earlier decisions.  Moreover, Tolulope Obiri's removal proceedings have been scheduled, so the delay is not extreme.  (As noted, Plaintiffs' counsel has requested the last three continuances of that removal proceeding.  #17.)

Last, if the Court does not require exhaustion, on the merits the final judgment in the *Costelo* class action, 2009 WL 4030516, would bar Plaintiffs from re-litigating the same claim here.

### Court's Decision

-24-

After reviewing the briefs and the applicable law, the Court concludes that Defendants are correct that Plaintiffs must exhaust their administrative remedies, that even after exhaustion, judicial review is to be had in the Fifth Circuit Court of Appeals, and that this Court lacks subject matter jurisdiction over this action.

If this were not the case, the Court agrees with Defendants that this action would be barred by *res judicata*.

Accordingly, the Court

ORDERS that Defendants' motion to dismiss pursuant to Fed. R. of Civ. Proc. 12(b)(1) for lack of subject matter jurisdiction without prejudice to their ability to raise their arguments in Tolulope Obiri's removal proceeding is GRANTED.

**SIGNED** at Houston, Texas, this __24th__ day of __March__, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE